IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| LONNIE JOHNSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No:2:23-cv-438-ECM-SMD |
| | ) |
| DEPARTMENT OF LABOR, | ) |
| | ) |
| Defendant. | ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Pro se plaintiff Lonnie Johnson ("Johnson") filed a civil rights complaint (Doc. 1) against Defendant Department of Labor ("DOL"). Johnson moved to proceed *in forma pauperis*, and the undersigned granted his request. Mots. (Docs. 2, 7); Order. (Doc. 8). After reviewing Johnson's complaint under 28 U.S.C. § 1915(e), the undersigned found that it failed to meet the federal pleading standards and ordered Johnson to file an amended complaint. Order (Doc. 9). Johnson filed an amended complaint, Am. Compl. (Doc. 10), which is now before the undersigned for review. Pursuant to that review, the undersigned recommends Johnson's amended complaint be dismissed.

**I.     AMENDED COMPLAINT**

The undersigned previously ordered Johnson to, *inter alia*, amend his complaint to clearly state the claim(s) he asserts against the DOL, provide the statutory basis for those claims, and provide the Court with clear, concise underlying facts—set forth in numbered paragraphs—supporting those claims. Order (Doc. 9).

In response to that order, Johnson again filed a form complaint. Am. Compl. (Doc. 10). The substantive portion of his amended complaint reads in its entirety:

> I'm eligible for my unemployment and I'm not received it I've been laid off from several jobs and I'm not receiving my unemployment compensation I want to know why[.]

Am. Compl. (Doc. 10) p. 1. He states that the violation occurred at the Department of Labor in Montgomery, Alabama, on July 19, 2020. *Id.* He does not state what relief he requests. *Id.* p. 2.

## II.   SECTION 1915 REVIEW

Twenty-eight U.S.C. § 1915(e)(2)(B) instructs a court to dismiss an *in forma pauperis* complaint that is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). A claim may be frivolous on either factual or legal grounds. *Neitzke v. Williams*, 490 U.S. 319, 327 (1989). Claims that describe "fantastic or delusional scenarios" are factually frivolous, while claims based on "indisputably meritless legal theor[ies]," such as those against defendants who are immune from suit or those based on the violation of a legal right that does not exist, are legally frivolous. *Id.* at 327-28. "Dismissal for failure to state a claim is appropriate when the facts as pleaded do not state a claim for relief that is 'plausible' on its face." *Thompson v. Rundle*, 393 F. App'x 675, 678 (11th Cir. 2010) (citations omitted). "A claim is factually plausible where the facts alleged permit the court to reasonably infer that the defendant's alleged misconduct was unlawful." *Urquilla-Diaz v. Kaplan Univ.*, 780 F.3d 1039, 1051 (11th Cir. 2015) (quoting *Iqbal*, 556 U.S. at 678).

A court should construe a pro se complaint "more liberally than it would formal pleadings drafted by lawyers." *Powell v. Lennon*, 914 F.2d 1459, 1463 (11th Cir. 1990). However, although a "less stringent standard" is applied to pro se pleadings, such "'leniency does not give a court license to serve as de facto counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action.'" *Campbell v. Air Jamaica Ltd.*, 760 F.3d 1165, 1168-69 (11th Cir. 2014) (quoting *GJR Invs., Inc. v. Cty. of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998)).

## III.   ANALYSIS

Here, Johnson's amended complaint does not meet federal pleading standards. Like his first complaint, it does not allege the basis of this Court's jurisdiction; it does not set forth the individual factual allegations in numbered paragraphs; and it does not identify the claim(s) he asserts against the DOL—and the statutory basis for those claims—in separate counts. He also does not state the type of relief he seeks or provide facts from which the undersigned could estimate the damages—if any—sought. Because the undersigned cannot discern any of the relevant information from Johnson's complaint, he has failed to state a claim on which relief may be granted. Under the circumstances, the Court should not rewrite Johnson's amended complaint or allow further amendment.

## IV.   CONCLUSION

For these reasons, it is the

RECOMMENDATION of the undersigned United States Magistrate Judge that Johnson's amended complaint (Doc. 10) be DISMISSED without opportunity to amend. It is further

ORDERED that the parties shall file any objections to this Recommendation **on or before February 2, 2024**.  A party must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered.  Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11TH CIR. R. 3-1.  *See Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

Done, this 19th day of January, 2024.

                                                 Stephen M. Doyle
                                               CHIEF U.S. MAGISTRATE JUDGE